IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:14cr12-JRS |
| ROBERT F. MCDONNELL and | ) | |
| MAUREEN G. MCDONNELL, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANTS'
MOTIONS TO MODIFY OR CLARIFY CONDITIONS OF RELEASE**

The United States of America, by and through the undersigned attorneys, hereby responds to Defendant Robert F. McDonnell's and Defendant Maureen G. McDonnell's Motions to Modify Conditions of Release or, Rather, to Clarify Conditions of Release (Docket Nos. 31 and 33, respectively). The United States does not oppose defendants' motions to clarify the conditions of release, but does not agree with the resolution proposed by the defendants.

The standard conditions of bond in the Eastern District of Virginia prohibit a defendant's contact with victims or potential witnesses. The purpose of this condition is clear: to ensure that the victims and potential witnesses are neither intimidated nor influenced by a defendant's communications. At best, it could lead to clouded memories. At worst, it could lead to collusion, coercion, or obstruction of justice.

At their initial appearance, the Court instructed the defendants that they "are to have no contact with any witnesses or representatives of the government. That's what your lawyers are for. Let them do their job." (1/24/14 Initial Appearance Tr. 6:4.) This standard instruction applies with equal force to potential government and defense witnesses. To be clear, as the

Court recognized, this standard condition does not prohibit defense counsel's contacts with potential witnesses. As such, it does not impede the defendants' rights to prepare for trial.

After the defendants were arraigned, defense counsel asked counsel for the United States for clarification regarding the Court's no-contact condition of release as it pertained to family members. The United States informed defense counsel that any clarification of the Court's order should be made by the Court, not the United States. The United States also informed defense counsel that it did not oppose the defendants having contact with their family members, even those that were potential witnesses, with the important caveat that any such contact would not include discussions related to the pending criminal charges—a condition necessary to avoid potential obstruction of justice. At no time during the discussions did the Government agree not to oppose contacts (and certainly not contacts about the pending charges) by the defendants with potential witnesses who were "close friends" and "longstanding business associates."

Contrary to the defendants' assertion, the United States does not simply seek a condition of bond that "permits Mr. McDonnell to have contact with family and close friends, *so long as he does not obstruct justice*." Def. Robert F. McDonnell's Mem. Supp. Clarification of Bond at 2. It goes without saying that neither defendant should obstruct justice or engage in any other criminal activity while release. Rather, the United States does not oppose a condition of bond that permits Mr. McDonnell to have contact with family members who may be witnesses for either side in this matter, so long as they do not discuss the case. Neither "close friends" nor "business associates" are typically an exception from the standard no-contact with potential witnesses conditions of bond in this district, nor should they be in this case.

Compliance with the standard conditions of release as to witness contact is imminently reasonable in this case, especially given the fact that one of the defendants has been charged with

Obstruction of Justice, in violation of 18 U.S.C. § 1512(c)(2), related to her attempts to impede the investigation through contact with a potential witness. Indictment, Count 14. As such, any clarification of the Court's conditions of bond should be: (1) limited to permit defendants' contacts with family members only on the condition that they not discuss the pending criminal case; and (2) make clear that the defendants are not permitted contact with any other potential witnesses.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By:       /s/
Michael S. Dry
Jessica D. Aber
Ryan S. Faulconer
Counsel for the United States
U.S. Attorney's Office
600 E. Main Street, Suite 1800
Richmond, Va. 23219
Phone: 804-819-5400
Fax: 804-771-2316
Email: michael.s.dry@usdoj.gov
       jessica.d.aber@usdoj.gov
       ryan.faulconer2@usdoj.gov


Jack Smith
Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice

By:       /s/
David V. Harbach, II
Counsel for the United States
U.S. Department of Justice
Criminal Division
Public Integrity Section
1400 New York Avenue, N.W., Suite 12100
Washington, D.C. 20005
Phone: 202-514-1412
Fax: 202-514-3003
Email: david.harbach@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2014, a true and correct copy of the foregoing was delivered to all counsel of record via the Court's Electronic Filing System.

By:      /s/
Jessica D. Aber
Virginia Bar No. 72680
Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: jessica.d.aber@usdoj.gov