UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ROBERT F. MCDONNELL,<br><br>and<br><br>MAUREEN G. MCDONNELL,<br><br>                              Defendants. | Action No. 3:14-CR-12 |

# **ORDER**

THIS MATTER is before the Court on two Motions to Dismiss Counts 1-11 of the Indictment ("Motions to Dismiss") (ECF Nos. 105, 111) and two Motions for Discovery of Selected Grand Jury Communications ("Grand Jury Motions") (ECF Nos. 8, 25) filed by Defendants Robert McDonnell and Maureen McDonnell.

The Indictment sufficiently alleges each element of the charged offenses, fairly apprising Defendants of the charges against which they must defend and allowing Defendants to plead double jeopardy in the event of a future prosecution for the same offenses. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009) (quoting *United States v. Darby*, 37 F.3d 1059, 1062 (4th Cir. 1994)). It is well settled that the validity of an indictment is tested by its allegations, not by whether the government can prove its case. *See Costello v. United States*, 350 U.S. 359, 363 (1956). Defendants take issue with the Indictment primarily on the ground that it fails to allege Robert McDonnell performed or promised to perform any "official act" within the meaning of the federal bribery statutes. However, the Fourth Circuit has held that conduct analogous to that alleged in paragraphs 22 and 111(c) of the Indictment can, as a matter of law, "fall under the umbrella of [] 'official acts.'"

1

*United States v. Jefferson*, 674 F.3d 332, 358 (4th Cir. 2012) (enumerating among the defendant's official acts, "[a]ttempting to facilitate and promote ventures between foreign governments and the businesses who were paying"), *cert. denied*, 133 S. Ct. 648. Whether Defendants' conduct in fact constituted "the corruption of official positions through misuse of influence in governmental decision-making" is a question for the jury based on the evidence adduced at trial. *United States v. Carson*, 464 F.2d 424, 434 (2d Cir. 1972). Accordingly, the Motions to Dismiss are DENIED.

Federal Rule of Criminal Procedure 6(e) provides that a court may authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Having determined that the Indictment is facially valid and alleges conduct that may be found by a jury to constitute "official action" within the meaning of federal bribery statutes, no "particularized need" for the requested materials exists. *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Review of facially valid indictments either for insufficient evidentiary support or for the sufficiency of the prosecutor's presentation "would run counter to the whole history of the grand jury institution." *United States v. Williams*, 504 U.S. 36, 54-55 (1992) (quoting *Costello*, 350 U.S. at 364). Accordingly, the Grand Jury Motions are DENIED.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> Senior U. S. District Judge

ENTERED this __20th__ day of May 2014.