UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT F. MCDONNELL,<br><br>and<br><br>MAUREEN G. MCDONNELL,<br><br>                     Defendants. | Action No. 3:14-CR-12 |

## ORDER

THIS MATTER is before the Court on two Motions to Sever Joint Trial ("Motions to Sever") (ECF Nos. 114, 120) filed by Defendants Robert McDonnell and Maureen McDonnell. For reasons that will be set out more fully in a forthcoming memorandum opinion, the Motions are DENIED.

Generally, defendants who are indicted together should be tried together, *United States v. Clark*, 928 F.2d 639, 644 (4th Cir. 1991), unless a joint trial "would be so unfairly prejudicial that a miscarriage of justice would result," *United States v. Williams*, 10 F.3d 1070, 1080 (4th Cir. 1993) (citing *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981)). When a motion to sever is based on an asserted need for a co-defendant's testimony, the moving defendant bears the burden of demonstrating that severance is appropriate under a test established by the Fourth Circuit in *United States v. Parodi*, 703 F.2d 768, 779 (4th Cir. 1983). Analysis under the *Parodi* test is intrinsically fact-intensive, requiring a showing of the co-defendant's testimony that is sufficiently definite for the court to determine its exculpatory nature and effect. *Parodi*, 703 F.2d at 780.

1

Defendants have failed to meet their burden to show that a joint trial will result in a miscarriage of justice or prevent Robert McDonnell from receiving a fair trial. Defendants have limited their showing of Maureen McDonnell's potential testimony largely to vague and conclusory statements that "merely contradict[] part of the Government's proof." *Id.* (quoting *United States v. West*, 670 F.2d 675, 680 (7th Cir. 1982)). In light of the preference for joint trials of alleged co-conspirators, *see United States v. Medford*, 661 F.3d 746, 753 (4th Cir. 2011), and the importance of judicial economy, *see Parodi*, 703 F.2d at 780 (noting judicial economy as a "dominant judicial concern"), Defendants' showing is insufficient under the *Parodi* test. Accordingly, the Court declines to exercise its discretion to sever Defendants' joint trial. *See United States v. Frazier*, 394 F.2d 258, 260 (4th Cir. 1968).

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

>  _____/s/_____
>  James R. Spencer
>  Senior U. S. District Judge

ENTERED this __20th__ day of May 2014.