UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT F. MCDONNELL,<br><br>and<br><br>MAUREEN G. MCDONNELL,<br><br>                      Defendants. | Action No. 3:14-CR-12 |

**<u>ORDER</u>**

THIS MATTER is before the Court on two Motions to Strike Prejudicial Surplusage ("Motions") (ECF Nos. 107, 112) filed by Defendants Robert McDonnell and Maureen McDonnell. For reasons that will be set out more fully in a forthcoming memorandum opinion, the Motions are DENIED.

"[A] motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (quoting *United States v. Rezaq,* 134 F.3d 1121, 1134 (D.C. Cir. 1998)). The portions of the Indictment that Defendants seek to strike relate to Maureen McDonnell's purchase and transfers of 6,000 shares of stock in Star Scientific, Incorporated ("Star"), as well as her efforts to avoid certain annual reporting requirements. Attempts to conceal an interest in Star—especially a personal financial interest—may be probative of intent/animus to defraud and consciousness of guilt. Similarly, because intent to defraud may be inferred from the totality of the circumstances, the existence of a motivation to defraud may be probative of intent to defraud. Because the disputed portions of the Indictment

are relevant to intent—an element of the offenses charged in the Indictment—the Court declines to strike them as surplusage.

    Let the Clerk send a copy of this Order to all counsel of record.

    It is SO ORDERED.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __20th__ day of May 2014.