UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT F. MCDONNELL,

Defendant.

Action No. 3:14-CR-12

**MEMORANDUM OPINION**

THIS MATTER is before the Court on two motions to seal filed by Defendant Robert McDonnell ("McDonnell"): Motion to Seal # 18 (ECF No. 164) and Motion to Seal #23 (ECF No. 183) (collectively, "Motions"). The first of the Motions seeks to seal a motion and memorandum in support of McDonnell's motion for subpoenas duces tecum directed to the Virginia State Police ("State Police Motion"). The second of the Motions seeks to seal McDonnell's Reply in support of the State Police Motion. Motion to Seal # 18 was filed on May 14, 2014; Motion to Seal #23 was filed on May 22, 2014. The Government submitted its response to both Motions on May 27, 2014, in partial opposition to McDonnell's request to seal the documents in their entirety. For the reasons that follow, the Motions will be DENIED.

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." I*n re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The public's right of access "derives from two independent sources: the First Amendment and the common law." *United States v. Appelbaum*, 707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). The First Amendment right of access applies only to particular judicial records and may be outweighed only by a compelling government interest and only to the extent that the restriction is narrowly tailored to service that interest. *Id.* (quoting *Va. Dept. of State*

*Police*, 386 F.3d at 575). In contrast, the common law right of access is broader, but affords weaker substantive protection; it applies to all judicial records, but may be overcome if "outweighed by competing interests." *Id.* (quoting *In re Knight*, 743 F.2d at 231).

In balancing the public's right of access against competing interests, the court is guided by Local Criminal Rule 49, which sets forth requirements to properly submit post-arrest motions for protective orders. Parties seeking to seal documents must submit a non-confidential memorandum describing the material to be sealed, stating why sealing is necessary and why another procedure would not suffice, referencing the governing case law, and indicating the period of time for which sealing is sought. E.D. Va. Loc. Crim. R. 49(D). These requirements are consistent with the Fourth Circuit's instructions (1) that the public be given notice of a request to seal documents, (2) that the public be given a reasonable opportunity to object to sealing, and (3) that the court must state the reasons which justify sealing documents and rejecting less restrictive alternatives to sealing. *See In re Knight*, 743 F.3d at 234-35.

McDonnell's Motions are facially insufficient under both the Local Rules and Fourth Circuit precedent. The memoranda in support of the Motions fail to indicate why sealing is necessary or what justifies limiting the public's presumptive right of access to such documents; they also fail—as explicitly required by Local Rule 59(D)—to articulate whether alternatives to sealing exist or whether such alternatives would be inadequate. McDonnell's Motions are so facially deficient that the public may have effectively been deprived of any ability to assess its interest in accessing the documents at issue.

The Government's arguments in favor of partial sealing and redaction are not persuasive on the current record. As an initial matter, the Court finds that both the Motions and the documents appended thereto are "judicial records." *See Appelbaum*, 707 F.3d at 290 (noting that the First Amendment and common law rights of access apply only to "judicial record[s]"). While the Fourth Circuit has not squarely addressed the issue of whether discovery documents appended to a Rule 17(c) motion constitute judicial records, it has succinctly defined judicial

records as "documents filed with the court . . . [that] play a role in the adjudicative process, or adjudicate substantive rights."[1] *Id.* This definition plainly sweeps in both the Motions and the appended supporting documents because they were both filed with the Court and will play a role in the Court's disposition of the underlying State Police Motion. *Cf. Va. Dept. Of State Police*, 386 F.3d at 576 ("[D]iscovery, 'which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court.'" (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988))). Because they are judicial records, the common law's presumptive right of access attaches to both the Motions and the appended supporting documents.

      Having found that the common law's presumptive right of access attaches to the Motions and their supporting documents does not end the Court's inquiry. In order to resolve the Motions, the Court must also determine whether the First Amendment right of access attaches to these particular documents, and whether any existing right of access is sufficiently outweighed by competing interests to justify sealing. Unfortunately, no party has presented argument on these points, and the Court is unwilling to presume that sealing is justified in the absence of such a presentation. To be clear, while the Court will not seal documents on the current record, it does not reach the questions of whether Rule 17(c) motions and their

---

[1] In adopting this definition, the Fourth Circuit noted its consistency with the First Circuit's definition. *See Appelbaum*, 707 F.3d at 291 (citing *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (examining the common law presumption of access coextensively with the definition of "judicial records," and holding that the presumption attaches to "those materials which properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication." (citation omitted))). Subsequent to *Appelbaum*, the First Circuit clarified *Providence Journal*'s definition of "judicial records" as those "materials on which a court relies in determining the litigants' *substantive* rights." *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013) (emphasis added) (quoting *Providence Journal*, 293 F.3d at 9-10). The First Circuit then held that because substantive rights were not at issue in reviewing and deciding motions pursuant to Federal Rule of Criminal Procedure 17(c), neither those motions, nor the documents appended in support of them constituted "judicial records." To the extent that the First Circuit distinguished between substantive and procedural, its definition of "judicial record" appears to be at odds with the Fourth Circuit's, which sweeps in materials both that "play a role" in the adjudicatory process and those that "adjudicate substantive rights." *Appelbaum*, 707 F.3d at 290; *see also id.* ("[The] motions are 'judicial records' because they were filed with the objective of obtaining judicial action . . . ."); *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 63-34 (4th Cir. 1989) (holding search warrant affidavits are "judicial records" because they are considered by a judicial officer in determining whether to issue a warrant).

attachments are subject to the First Amendment right of access, or whether any existing right of access may be overcome in this case.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this \_\_\_29th\_\_\_ day of May 2014.