**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 3:14-CR-00012** |
| | ) | |
| **ROBERT F. MCDONNELL** | ) | **JUDGE JAMES R. SPENCER** |
| **MAUREEN G. MCDONNELL** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ROBERT F. MCDONNELL'S**
**MOTION #25 – MOTION IN LIMINE TO EXCLUDE CO-CONSPIRATOR**
**ACTS AND STATEMENTS PENDING PRIMA FACIE SHOWING OF**
<u>**CONSPIRACY INVOLVING MR. MCDONNELL**</u>

# INTRODUCTION

Co-conspirator acts and statements can be admitted as evidence against a defendant only if the Government can make a prima facie showing that the defendant was engaged in a conspiracy with the co-conspirator.  This long-established rule is absolutely necessary to prevent the consideration of evidence against a defendant that is either irrelevant or hearsay, absent the existence of a conspiracy.   While some circuits favor requiring the Government to make its prima facie showing outside the presence of the jury before any co-conspirator statements are admitted, courts in this Circuit have discretion to determine the order of proof.  To be sure, the Court may, if it so chooses, "permit the introduction of evidence as to things said and done by an alleged co-conspirator subject to being connected up and followed by evidence of the existence of the conspiracy."  *United States v. Vaught*, 485 F.2d 320, 323 (4th Cir. 1973).  But the Court may choose instead to require the Government to make its prima facie showing before any evidence of co-conspirator acts and statements are presented to the jury.

Given the particular facts and circumstances of this case, the Court should exercise its discretion to require the Government to satisfy its prima facie burden before any evidence of Mrs. McDonnell's acts or statements are introduced into evidence.  Allowing the jury to hear evidence of those actions or statements before the Government has proven by a preponderance of the evidence that a conspiracy even existed and that Mr. McDonnell was a part of it would jeopardize the integrity and efficiency of the trial.  As the Indictment makes clear, all of the Government's most incriminating allegations involve actions or statements by Mrs. McDonnell, not Mr. McDonnell.   If evidence of those actions or statements are admitted and then the Government fails to establish a conspiracy, Mr. McDonnell will be unfairly tainted by the actions and statements of his wife, and no relief save a mistrial or dismissal of the charges could possibly

remedy that prejudice.  The only way to avoid this outcome is to require the Government to make its showing outside the presence of the jury in a separate hearing immediately before the trial or before the Government puts on its case-in-chief.

**ARGUMENT**

I.      **The Court Has Discretion To Exclude Co-Conspirator Acts And Hearsay Testimony Until The Government Makes A Prima Facie Showing That The Defendant Was A Participant In The Alleged Conspiracy.**

"The rule is well settled that when two or more persons have conspired to commit a criminal offense anything said or done by one of them, *during the existence of the conspiracy*, and in furtherance of the common design, may be admitted in evidence against the others." *Vaught*, 485 F.2d at 323.  For this rule to apply, "there must be prima facie proof of the conspiracy as alleged."  *Id.*; *see also United States v. Cardall*, 885 F.2d 656, 671 (10th Cir. 1989) (explaining that "before similar 'bad acts' may be admitted against an individual, there must be reasonable indication in the record that the defendant was in fact a party to the bad acts sought to be brought in against him").

Specifically with respect to out-of-court co-conspirator statements, Federal Rule of Evidence 801(d)(2)(E) deems any such statement that is made "during and in furtherance of the conspiracy" as non-hearsay and thus admissible.  Although the statement itself "must be considered," it "does not by itself establish . . . the existence of the conspiracy or participation." Fed. R. Evid. 801(d)(2).  There must also be "evidence extrinsic to the hearsay statements."  *FTC v. Ross*, 743 F.3d 886, 894 (4th Cir. 2014) (citation omitted); *see also United States v. Afridi*, 241 F. App'x 81, 84 (4th Cir. 2007) ("The proponent of the statements must show the existence of the conspiracy and the declarant's role in the conspiracy through independent evidence but may supplement that evidence with the statements of the declarant.").  These threshold facts must be

established by a preponderance of the evidence.  *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992).

It is not error in itself for a court, "in [its] discretion, [to] permit the introduction of evidence as to things said and done by an alleged co-conspirator subject to being connected up and followed by evidence of the existence of the conspiracy."  *Vaught*, 485 F.2d at 323; *see also United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) (noting that "a trial judge retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate").  But if the Government fails to show by a preponderance of the evidence that a conspiracy existed, the court must "be[] prepared either to declare a mistrial or to dismiss the case."  *Hines*, 717 F.2d at 1488.    That is why "the better practice is for the court to determine *before*" the co-conspirator evidence is admitted that a conspiracy likely exists.  *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980) (emphasis added), *overruled in part on other grounds by United States v. Lipscomb*, 702 F.2d 1049 (D.C. Cir. 1983) (en banc); *see also United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) ("The strongly preferred order of proof in determining the admissibility of an alleged coconspirator statement is first to hold a . . . hearing outside the presence of the jury," because "if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'" (citation and quotation marks omitted)); *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979) (en banc), *overruled in part on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987)  (explaining that the "preferred order of proof" is to "require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a

coconspirator" "because of the 'danger' to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger").

This Court undoubtedly has the discretion to exclude otherwise inadmissible co-conspirator acts and statements until the Government establishes by a preponderance of the evidence that the alleged conspiracy occurred. *See Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co.*, 951 F.2d 613, 621 (4th Cir. 1991) (explaining that "the trial court must make the preliminary factual determinations relevant to Rule 801(d)(2)(E)" "[p]rior to admitting the statements" and affirming the district court's ruling that the proffered testimony was inadmissible).

## II.    The Court Should Exercise Its Discretion To Require The Government To Make A Prima Facie Showing Of A Conspiracy Before Admitting Any Co-Conspirator Acts Or Hearsay Testimony Against Mr. McDonnell.

In exercising its discretion, the Court should adopt the "better practice" of determining up front whether the Government has satisfied its prima facie burden before admitting any evidence of Mrs. McDonnell's allegedly incriminating actions or statements.

All of the most inflammatory allegations in the Indictment involve Mrs. McDonnell—not Mr. McDonnell.   The Government alleges, for instance, that Mrs. McDonnell asked Mr. Williams to take her shopping in New York, *see* Indictment ¶ 23; promised to seat Mr. Williams next to Mr. McDonnell at an event, *see id.* ¶ 24; asked Mr. Williams for a $50,000 personal loan and for $15,000 to pay for catering for her daughter's wedding, *see id.* ¶¶ 26-27; told Mr. Williams that "she could help Star Scientific but that she needed [his] financial assistance," *see id.* ¶ 26; bought, sold, and repurchased Star stock, *see id.* ¶¶ 39, 53, 61, 67, 71, 96-97; attended and spoke at several Star events, *see id.* ¶¶ 40, 62-63; was a conduit for correspondence from Mr. Williams and for information about Star, *see id.* ¶¶ 41, 54, 64; asked Mr. Williams for the Rolex

watch she gave to Mr. McDonnell at Christmas, *see id.* ¶¶ 50, 68; offered and then hosted a lunch at the Mansion for university researchers, *see id* ¶¶ 40, 51, 58, 60; coordinated with Mr. Williams on invitation lists for Mansion events*, see id.* ¶¶ 60, 74; asked an OGV staff member to follow up with Mr. Williams about "why nothing has developed w [sic] studies after [Mr. Williams] gave $200,000" to UVA and VCU, *see id.* ¶¶ 76-78; asked Mr. Williams to pay for roundtrip airline tickets for two of her daughters, *see id.* ¶ 99; and invited Mr. Williams to stay at the McDonnells' beach house, *see id.* ¶ 100.

If this evidence is admitted and then the Government fails to establish by a preponderance of the evidence that Mr. McDonnell knowingly participated in the alleged conspiracy, there is a high risk that the jury will improperly rely—whether consciously or not—on the evidence in adjudicating Mr. McDonnell's guilt. A limiting instruction will hardly suffice to prevent this prejudicial result. The allegations involving Mrs. McDonnell are more numerous—and far more inflammatory—than any of the allegations involving Mr. McDonnell. And because the McDonnells are married, the jury will be even more inclined to credit Mrs. McDonnell's hearsay statements about Mr. McDonnell and, more generally, to attribute her conduct to him. "The admission of this mass of inadmissible, irrelevant and highly prejudicial testimony [would] unfairly permit[] the prosecution to paint [Mr. McDonnell] before the jury" as a criminal by mere association with his wife. *Vaught*, 485 F.2d at 323. No jury can be expected to follow limiting instructions in an extreme situation like this where potentially "powerful[] incriminating" acts and statements of a co-conspirator, "who stands accused side-by-side with the defendant," are "deliberately spread before the jury in a joint trial." *Bruton v. United States*, 391 U.S. 123, 135-36 (1968).

Because a limiting instruction will not afford adequate protection to Mr. McDonnell in this situation, the Court will have no choice but to declare a mistrial or dismiss the charges against Mr. McDonnell.  *See Hines*, 717 F.2d at 1488; *see also Vaught*, 485 F.2d at 324 (holding that the prejudice resulting from the improper admission of co-conspirator acts and statements "so permeated and tainted the entire trial as to require a reversal of the convictions").  To avoid this result—and the needless waste of judicial resources in the event of a mistrial—the most prudent course is to require the Government to establish its prima facie case up front.  The Government must do this outside the presence of the jury either immediately before the trial in a separate hearing or before its case-in-chief.  Either way, any acts or hearsay statements of Mrs. McDonnell that would be inadmissible against Mr. McDonnell absent proof of a conspiracy should be excluded until the Government shows—and this Court determines—by a preponderance of the evidence that there was a conspiracy and that Mr. McDonnell knowingly participated in it.

## CONCLUSION

For the foregoing reasons, the Court should exclude any acts or statements of Mrs. McDonnell that would be inadmissible absent proof of a conspiracy until the Government establishes by a preponderance of the evidence that the alleged conspiracy occurred and that Mr. McDonnell was a part of it.  Mr. McDonnell respectfully requests that the Court require the Government to make its prima facie showing outside the presence of the jury either before the trial begins or immediately before its case-in-chief.

Dated: June 20, 2014                              Respectfully submitted,


                                                  /s/ Jonathan A. Berry
                                                  Henry W. Asbill (*pro hac vice*)
                                                  Mary Ellen Powers (*pro hac vice*)
                                                  Noel J. Francisco (*pro hac vice*)
                                                  Ryan D. Newman (*pro hac vice*)
                                                  James M. Burnham (*pro hac vice*)
                                                  Jonathan A. Berry (VSB No. 81864)
                                                  JONES DAY
                                                  51 Louisiana Avenue, N.W.
                                                  Washington, D.C. 20001
                                                  Telephone: (202) 879-3939
                                                  Facsimile: (202) 626-1700

                                                  John L. Brownlee (VSB No. 37358)
                                                  Timothy J. Taylor (VSB No. 84529)
                                                  HOLLAND & KNIGHT LLP
                                                  800 17th Street, N.W.
                                                  Suite 1100
                                                  Washington, D.C. 20006
                                                  Telephone: (202) 828-1854
                                                  Facsimile: (202) 955-5564

                                                  *Counsel for Robert F. McDonnell*

**CERTIFICATE OF SERVICE**

I, Jonathan A. Berry, am a member of the Bar of this Court. I hereby certify that on this 20th day of June, 2014, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users.


Dated:  June 20, 2014                                    Respectfully submitted,


                                                         /s/ Jonathan A. Berry
                                                         Jonathan A. Berry (VSB No. 81864)
                                                         JONES DAY
                                                         51 Louisiana Avenue, N.W.
                                                         Washington, D.C. 20001
                                                         Telephone: (202) 879-3939
                                                         Facsimile: (202) 626-1700
                                                         Email: jberry@jonesday.com

                                                         *Counsel for Robert F. McDonnell*