UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT F. MCDONNELL,

and

MAUREEN G. MCDONNELL,

                                Defendants.

Action No. 3:14-CR-12

## MEMORANDUM ORDER

THIS MATTER is before the Court on the Government's Motion to Exclude Expert Testimony ("Motion") (ECF No. 221). By Memorandum Opinion and Order dated June 26, 2014, the Court deferred its determination of the admissibility of certain expert testimony. Upon further consideration and after holding *Daubert* hearings, the Court will exclude the testimony of Peter H. White, esq., in its entirety and will exclude the testimony of J. Allen Kosowsky, CPA, in part.

Federal Rule of Evidence 702 permits a qualified expert to opine on any technical matter that will help the jury understand evidence or determine a fact in issue. *See* Fed. R. Evid. 702. When a party offers expert testimony in evidence, the Supreme Court charges the trial court with deciding whether the expert's testimony is relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). To satisfy the *Daubert* standard, a court must conclude the expert witness "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. However, the Court must limit its consideration "solely [to] principles and methodology," and should not consider "the

1

conclusions they generate." *Daubert*, 509 U.S. at 594-95.

As to Mr. White, the Court has no doubt that Mr. White has sufficient training and experience to opine as to the cost of securities litigation. However, he seeks to offer an expert opinion on the benefit that accrued to Jonnie Williams, Sr., as a result of the Government's request for a stay of discovery in two civil suits unrelated to this criminal prosecution. Mr. White's methodology is flawed because it fails to assess several variables—some of which may not be presently knowable— that necessarily affect the benefit that has accrued or will accrue to Mr. Williams. Examples of such variables include the ultimate length of the stays, the availability of insurance, and offsets by the possible negative effects of the stays, including the diminution of stock value for a longer period of time than if the suits had proceeded, the drag of unresolved legal issues on the business, and the possibility of prevailing on the suit and/or settling the suit earlier than if the stays had not been entered. Failure to consider such variables makes Mr. White's resulting opinion unreliable.

Alternatively, the Court finds that Mr. White's proposed testimony would not be helpful to the jury. *See* Fed. R. Evid. 702. In explaining that precisely quantifying the benefit to Williams would be inherently speculative, Mr. White testified that valuating this benefit "is more of a common sense analysis." Hrg. Tr. 53:19, July 11, 2014. The Court agrees. The jury can apply its own collective common sense to understand the benefits that may have accrued to Williams as a result of the civil stays, making expert testimony unnecessary. Defendants may inquire about these benefits in cross examination of Williams, and the jury will be equipped to assess that testimony without the aid of an expert.

As to Mr. Kosowsky, the Court finds that the proposed testimony regarding the financial benefit of the civil stays is beyond his expertise because it relies upon the legal assessment of others. Mr. Kosowsky's methodology is flawed because the ultimate opinion necessarily relies on information that he does not presently have. For example, Mr. Kosowsky indicated that he did not know or did not consider information such as the effect of pre-judgment interest sought in

the civil complaints, the cost of civil discovery, the effect of additional civil lawsuits against Star Scientific, Inc., that were not stayed, the viability of the stayed civil actions, and the likelihood that Williams could sell his Star Scientific stock. Because Mr. Kosowsky's methodology is flawed, his opinion as to the benefit of the civil stays is unreliable and will be excluded.

However, the Court will not exclude Mr. Kosowsky's proposed testimony regarding the soundness of Defendants' finances at this time. There is potential for Mr. Kosowsky's expertise to validly aid the jury on this point. However, at the hearing held on July 15, 2014, Mr. Kosowsky indicated that his opinion was based, in part, on speculative information (potential future earnings), information gleaned from one or more interviews with Mr. McDonnell, and documents that could be assessed by a jury without the aid of an expert. Mr. Kosowsky's opinions will not be admitted unless the factual bases for those opinions are first established by admissible testimony and/or exhibits. *See* Fed. R. Evid. 705.

Let the Clerk send a copy of this Memorandum Order to all counsel of record.

It is SO ORDERED.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this __16th__ day of July 2014.