IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Action No. 3:14-CR-12-JRS

ROBERT F. MCDONNELL, *et al.*,

    Defendants.

**INTERVENER'S MEMORANDUM IN SUPPORT OF OMNIBUS MOTION
CONCERNING OUTSTANDING SEALING ISSUES**

Intervenor WP Company LLC, d/b/a *The Washington Post* (the "*Post*"), by counsel, submits this memorandum in support of its motion for omnibus relief concerning outstanding issues that relate to the public's access to judicial records and proceedings. The *Post*'s memorandum addresses three separate items: (1) the completed juror questionnaires; (2) Defendants' motions to unseal portions of the record; and (3) the United States' "mystery" motion, filed November 3, 2014.

**I.    The Completed Juror Questionnaires.**

During *voir dire*, prospective jurors completed a lengthy questionnaire. On July 31, 2014, the Court entered an order retroactively sealing the completed questionnaires. (*See* Order, entered July 31, 2014 [ECF No. 341].) On August 4, 2014, the *Post* moved to vacate the sealing order. (*See* Motion for Leave To Intervene and To Vacate Sealing Order, filed August 4, 2014 [ECF No. 351].)[1] On August 15, 2014, counsel for the *Post*, the United States and Defendants appeared and presented argument on the *Post*'s motion.

---

[1]    The *Post* was subsequently joined by BH Media Group Holdings, Inc. (*See* ECF No. 415.)

On September 9, 2014, the Court issued a Memorandum Order granting in part the *Post*'s motion. (*See* Memorandum Order, entered September 2, 2014 [ECF No. 485].) The Court found that "there is a substantial probability that Defendants' right to a fair trial would be prejudiced by public access to the jury questionnaires," and that "temporary sealing" was required to "adequately protect Defendants from the danger of prejudice." (*Id.* at 2.) The Court further held that the questionnaires "will be made publicly available after they have been appropriately redacted to protect jurors' private, personal, and confidential information." (*Id.*) On September 4, 2014, the jury returned its verdict. Sentencing hearings for Mr. and Mrs. McDonnell are scheduled for January 6, 2015, and February 20, 2015, respectively.

The completed jury questionnaires have not been disclosed to the public. The trial concluded three months ago; the continued sealing of the questionnaires is no longer necessary to protect Defendants' Sixth Amendment rights. Indeed, Defendants have separately moved the Court to disclose the completed questionnaires "as promptly as possible," observing that "[n]ow that the jury's verdict is in, there is no risk that publication of the questionnaires could compromise [their] right to a fair trial." (*See, e.g.,* Defendant Robert F. McDonnell's Notice of Consent to Intervenors' Motion To Vacate Sealing Order, filed September 10, 2014 [ECF No. 502].)

Given Defendants' consent to the disclosure of the completed questionnaires, the continued sealing appears to stem from the Court's efforts to redact sensitive personal information submitted by prospective jurors. Undoubtedly, the Court has numerous significant tasks demanding its attention is this and other cases. Fourth Circuit jurisprudence, however, demands that the disclosure of the questionnaires assume sufficient priority to protect the public's opportunity to have contemporaneous access to judicial records.

Indeed, the Fourth Circuit long ago recognized that once the public's right of access attaches to a document or a proceeding, the public's access is presumed to be contemporaneous. *See In re Charlotte Observer*, 882 F.2d 850 (4th Cir. 1989). *In re Charlotte Observer* involved a magistrate judge's decision to close the hearing on a motion to transfer venue. In an effort to narrowly tailor the closure, as required, the magistrate ordered that the briefs, exhibits, tapes and transcripts from the hearing not be made public until after the jury was selected. *See id.* at 854. The magistrate concluded that this "minimal delay" in access effectively protected the public right of access. *Id.* The Fourth Circuit rejected the magistrate's reasoning, labeling it "a basic misapprehension and undervaluation of the core first amendment value at stake." *Id.* at 856. The Fourth Circuit explained that the magistrate's theory that a "minimal delay" is sufficient to protect the public's right of access "unduly minimizes, if it does not entirely overlook, the value of 'openness' itself, a value which is threatened whenever immediate access to ongoing proceedings is denied, whatever provision is made for later public disclosure." *Id.*

The Fourth Circuit recently reiterated in *Co. Doe v. Pub. Citizen* that the public's right of access ordinarily should be contemporaneous:

> Because the public benefits attendant with open proceedings are compromised by delayed disclosure of documents, we take this opportunity to underscore the caution of our precedent and emphasize that the public and press generally have a contemporaneous right of access to court documents and proceedings when the right applies. 'Each passing day may constitute a separate and cognizable infringement of the First Amendment.'

*See* 749 F.3d 246, 272 (4th Cir. 2014) (quoting *Grove Fresh Distribs., Inc. v. Everfresh Juice*

*Co.*, 24 F.3d 893, 897 (7th Cir. 1994)).[2] In *Co. Doe*, the district court did not rule on the motion to seal until after final judgment was entered, thereby allowing the entire litigation to proceed in secrecy. The Fourth Circuit held that the failure to rule on the sealing motion "as expeditiously as possible" was error. *Id.* at 273. *See also In re Time Inc.*, 182 F.3d 270 (4th Cir. 1999) (ordering the district court to follow the required procedures for sealing "as expeditiously as it can" even though the underlying trial was already under way).

Furthermore, the Fourth Circuit requires prompt access even where doing so places a significant burden on the district court. *See In re Associated Press*, 172 Fed. Appx. 1 (4th Cir. 2006). In *In re Associated Press*, the Fourth Circuit held that the public should have contemporaneous access to trial exhibits that had been admitted and published to the jury. The Fourth Circuit acknowledged the "enormous" administrative burden contemporaneous access placed on the district court, but ordered compliance nonetheless. *See id.* at 5-6.

In the three months that have passed since the verdict was rendered, the completed juror questionnaires have not become public, even though the Court already found that the public has a right to access them. Consistent with this circuit's jurisprudence, the *Post* respectfully requests that the redacted questionnaires be disclosed to the public immediately, or at least that they be

---

[2] In finding that the completed questionnaires should be made public subject to redactions, the Court assumed, but did not expressly find, that the public's right of access to the questionnaires arises from the First Amendment, as opposed to the common law. (*See* Memorandum Order, entered September 2, 2014 [ECF No. 485], at 1-2.) Under Fourth Circuit precedent, the public's right of access is presumed to be contemporaneous regardless of whether the right arises from the First Amendment or the common law. *Compare In re Charlotte Observer*, *supra*, 882 F.2d at 856 (addressing contemporaneous nature of right in context of First Amendment right of access) *with In re Application & Affidavit for a Search Warrant*, 923 F.2d 324, 331 (4th Cir. 1991) (holding that reasoning of *In re Charlotte Observer* applies equally to common law right of access to search warrant affidavits).

disclosed on a rolling basis. Further, any references in the pleadings to the questionnaires that currently are under seal or redacted should be unsealed or unredacted.

## II. Defendants' Motions To Unseal Portions of the Record.

On October 23, 2014, Mr. McDonnell filed a motion to seal two categories of documents, one of which is his "Motion #45 to Unseal" and includes "the supporting memorandum thereto, all accompanying exhibits, and a proposed order." (*See* Defendant Robert F. McDonnell's Motion # 43 – Motion to Seal [ECF No. 537].)[3] Neither the motion to seal nor the supporting memorandum identifies, even in broad categorical terms, the documents that Mr. McDonnell seeks to unseal or the basis for his request that the materials be unsealed. On October 30, 3014, Mrs. McDonnell moved to seal her own "Motion to Unseal Certain Sealed Portions of the Record." (*See* Defendant Maureen G. McDonnell's Motion # 29 – Motion to Seal [ECF No. 550].) Like Mr. McDonnell, Mrs. McDonnell's pleadings do not identify, even in broad categorical terms, the documents that she seeks to unseal or the basis for her request that the materials be unsealed.

As noted above in Section I., the Fourth Circuit recently held that a district court must "act on a sealing request as expeditiously as possible." *Co. Doe v. Pub. Citizen*, *supra*, 749 F.3d at 272-273. This directive should apply with equal force to a request that sealed records be unsealed.[4] Both situations implicate the public's right of access. Moreover, it is often the case

---

[3] The other category includes the bulk of the appendices to Mr. McDonnell's motion to supplement the record on appeal [ECF No. 539]. (*See id.*) If the information in the appendices is necessary to support Mr. McDonnell's putative appeal, then the public has a First Amendment right of access, and the appendices should be unsealed. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

[4] Research indicates that the Fourth Circuit has never addressed how quickly a district court must decide a motion to unseal.

that the document is sealed before the public is given notice or the opportunity to be heard. In that situation, the motion to unseal, and not a motion to seal, triggers the inquiry that should occur before the document can be sealed. That happened previously in this case when the *Post* and BH Media Group Holdings, Inc. were compelled to intervene and request that an order sealing the completed juror questionnaires – entered without prior notice to the public – be vacated.

The *Post* respectfully requests that the Court rule on Defendants' motions immediately.

### III. The United States' "Mystery" Motion.

According to Docket Entry No. 554, on November 3, 2014, the United States filed a "Sealed Motion with Memorandum in Support by USA as to" both Defendants. The docket entry does not indicate why the pleadings were sealed. On November 10, 2014, the Court granted to the motion to seal. (*See* ECF No. 561.) The Court's order, like the motion and supporting memorandum, is itself under seal.

None of the sealing procedures required by Fourth Circuit jurisprudence or by Local Criminal Rule 49 were followed.[5] Indeed, the pleadings were sealed even though the United States never filed a motion to seal. The *Post* therefore requests that the United States' motion be unsealed.

---

[5] For example, the United States did not, as required by Local Criminal Rule 49, file a motion to seal and non-confidential supporting memorandum that includes: a non-confidential description of what is to be sealed; a statement as to why sealing is necessary, and why another procedure will not suffice; references to governing case law; and a statement as to the period of time the it seeks to have the document(s) sealed.

6

## **CONCLUSION**

*The Washington Post* respectfully requests that its motion be granted; that the Court order the relief requested herein; and that it be awarded any additional relief that the Court deems fair and just.

Date: December 30, 2014.

Respectfully submitted,

WP COMPANY LLC

By Counsel

/s/ Craig T. Merritt
Craig T. Merritt (VSB No. 20281)
David B. Lacy (VSB No. 71177)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel.: (804) 697-4100
Fax: (804) 697-4112
cmerritt@cblaw.com
dlacy@cblaw.com

*Counsel for The Washington Post*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.


/s/ Craig T. Merritt
Craig T. Merritt (VSB No. 20281)
cmerritt@cblaw.com
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095

#1680901