UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ROBERT F. MCDONNELL, <br><br> and <br><br> MAUREEN G. MCDONNELL, <br><br> Defendants. | Action No. 3:14-CR-12 |

### MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant Robert F. McDonnell's Motion #51 – Motion for Release Pending Appeal ("Motion") (ECF No. 601). Pursuant to 18 U.S.C. § 3143(b), the Court

> (1) . . . shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds–
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>     (i) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). Here, there is no dispute as to the first prong, that being Mr. McDonnell is not likely to flee and does not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(b)(1)(A). In analyzing the second prong, 18 U.S.C. § 3143(b)(1)(B), the Court must make two inquires after finding that the appeal is not taken for the purpose of delay: (1) "whether the question presented on appeal is a 'substantial' one;" and (2) "if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new

1

trial on all counts for which the district court imprisoned the defendant." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (citing *United States v. Miller*, 753 F.2d 19, 23–24 (3d Cir. 1985)). A substantial question has been defined as "'a 'close' question or one that very well could be decided the other way.'" *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Mr. McDonnell presents three issues that he contends are "substantial questions" important enough to warrant reversal or new trial: (1) whether the five actions the Government alleged in its Indictment and argued to the jury qualify as "official acts" under federal law; (2) whether this Court conducted sufficient voir dire on pretrial publicity; and (3) whether this Court erred by declining to follow the procedures outlined in *United States v. Resko*, 3 F. 3d 684, 688 (3d Cir. 1993), given evidence of alleged premature jury deliberations. (Mem. in Supp. of Mot. at 2, 23.) However, as the Court has fully explained in its memorandum opinions denying Mr. McDonnell's Motion for New Trial and Renewed Motion for Judgment of Acquittal (*see* ECF Nos. 567, 571) the above-mentioned issues do not present a "close" call justifying bail pending appeal.

With respect to the first issue, this Court previously found that "[t]he Government provided substantial evidence for the jury to conclude that McDonnell knew what [Jonnie] Williams was seeking, specifically, research studies for Star Scientific's Anatabloc product." (Mem. Op. at 5, Dec. 1, 2014, ECF No. 567.) The Court additionally found that Mr. McDonnell attempted to use his gubernatorial office to influence governmental decisions in favor of Star Scientific. (Mem. Op. at 7, Dec. 1, 2014, ECF No. 571.) The Court concluded that "[s]ubstantial evidence supports the jury's finding of a quid and fairly specific, related quo." (*Id.* at 8.) Mr. McDonnell assuredly did more than provide mere access to Williams—he performed "official acts" as that term is defined under federal bribery laws. Therefore, for the foregoing reasons, and for all the reasons stated in this Court's prior memorandum opinions, this is not a "close question" that justifies release pending appeal.

As to the second issue, the voir dire process is essentially committed to the sound discretion of the district court "because the determination of impartiality, in which demeanor plays such an important part, is particularly within the province of the trial judge." *United States v. Lancaster*, 96 F.3d 734, 738 (4th Cir. 1996) (citations and internal quotation marks omitted). As explained in its memorandum opinion denying Mr. McDonnell's Motion for New Trial, this Court found that the procedures employed in managing voir dire and the effects of any pretrial publicity were adequate and Mr. McDonnell's claims were "unfounded." (Mem. Op. at 15, Dec. 1, 2014, ECF No. 567.) It is not a "close call" whether this Court properly acted within its discretion as to this issue.

Likewise, with regards to alleged premature jury deliberations, "the Court was entitled to exercise its discretion and assess the situation presented." (*Id.* at 17.) The Court found that Louis DeNitto's statements to attorney Jim Watson "did not provide sufficient indicia of premature deliberations." (*Id.*) Although Mr. McDonnell continues to rely on *Resko*, 3 F. 3d 684 to support his argument, for the reasons stated in this Court's memorandum opinion denying his Motion for New Trial (*see* ECF No. 567 at 18–19), Mr. McDonnell's argument remains unpersuasive. Thus, this too does not constitute a "substantial question."

For the foregoing reasons, the Motion is hereby DENIED.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this __13th__ day of January 2015.